UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Micaela T., | File No. 26-cv-1068 (ECT/ECW) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

Kira Aakre Kelley, Climate Defense Project, Minneapolis, MN, for Petitioner Maria T.

David W. Fuller and Trevor Brown, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

Petitioner Micaela T. is an Ecuadorian citizen who has lived in the United States since September 29, 2023. Pet. [ECF No. 1] ¶ 12. Micaela "has an active work permit" and she "does not have a final order of removal." *Id.* ¶ 13. On February 4, 2026, Immigration and Customs Enforcement arrested Micaela "close to her home" in Minneapolis as part of "Operation Metro Surge." *Id.* ¶¶ 12, 15–16. Respondents have provided a warrant for Micaela's arrest. ECF No. 5-1.[1] Micaela was at least initially

---

[1] The Petition alleged "[u]pon information and belief" that Respondents had no warrant for Micaela's arrest. *See* Pet. ¶ 52. Respondents provided a copy of the warrant

"brought to the Whipple," but at the time of the Petition's filing, Micaela's location was unknown. Pet. ¶¶ 7, 19.

Micaela challenges her detention under 28 U.S.C. § 2241. Pet. ¶ 2. She claims she has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 26–29; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Micaela, that misclassification and denial of a bond hearing violate her right to due process under the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. *See* Pet. ¶¶ 30–46. Micaela seeks issuance of a writ of habeas corpus requiring her release unless Respondents provide a bond hearing under 8 U.S.C. § 1226(a); issuance of an order enjoining her transfer outside of the District of Minnesota during the pendency of her Petition; and "any other and further relief that this Court may deem just and proper." Pet. at 14–15.

Recognizing that "[t]his petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided," Respondents argue that Micaela's Petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025). *See* ECF No. 4 at 1–2. This raises an issue of statutory

---

with their answer. *See* ECF No. 4 at 2; ECF No. 5-1. Micaela did not file a reply or otherwise question the warrant's authenticity.

interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Micaela has shown she has been misclassified under § 1225(b)(2) rather than § 1226(a). As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, two federal courts of appeals have ruled on the question, one reaching and one rejecting this conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (concluding that respondent was not likely to prevail on the merits that

---

[2] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Micaela's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

petitioner was subject to mandatory detention under § 1225(b)(2)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (finding petitioner was subject to mandatory detention under § 1225(b)(2)). Micaela has lived in the United States for more than two years, Pet. ¶ 12, and I find her detention falls under § 1226(a) and not § 1225(b)(2).[3] She is therefore subject to discretionary detention and entitled to a bond hearing.[4]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Micaela T.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

---

[3] Respondents do not argue that Micaela is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Micaela's detention. *See* ECF No. 4.

[4] The resolution of this statutory-interpretation issue in Micaela's favor makes it unnecessary to address the Petition's remaining grounds.

2. Respondents are **ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner, and Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 10, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court